IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00347-CV

IN THE MATTER OF K.B., A JUVENILE

 

From the County Court
Coryell County, Texas
Trial Court # JV-1560
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The gang went looking for a fight. And despite the majority’s determination that all
accomplice testimony was corroborated, it ignores the testimony of several witness.
      Jeremy testified that while he was fighting Kutchka, the victim, a metal pipe was swung
close to his head. He did not see who was swinging the pipe. Jeremy did not believe the
victim used the pipe against him because Kutchka did not use any weapons during the fight. 
He suspected the pipe was meant to be used on Kutchka. After the fight, Jeremy saw the pipe
at Kutchka’s feet. He took it and threw it in a field. When Jeremy found out he was being
charged with assault with a metal pipe, he called K.B. Jeremy was trying to find out if
someone said he had used the pipe. K.B. told Jeremy that he had used the metal pipe and that
he had almost hit Jeremy with it.
      Other witnesses testified that K.B. (1) had two metal wrenches in his possession the night
of the fight; (2) kicked Kutchka in the head; (3) approached Kutchka’s wife after the fight and,
holding the head of a wrench, threatened her with it; and (4) hit Kutchka twice in the chest.
      Because of the fight, Kutchka sustained gashes on his head, stomach, and from the top of
his shoulder down to the middle of his back. He was bleeding from these injuries. He went to
the hospital because of these injuries. He suffered a concussion. Scars of the injuries were
still visible at the time of the trial. Kutchka’s wife stated that he was beaten with a two-by-four, a metal pipe, and a brick that was thrown.
      What the State needed to prove as a deadly weapon was anything that in the manner of its
use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code
Ann. § 1.07(a)(17)(B)(Vernon Supp. 2004). A brief summary of the evidence we have is as
follows: (1) a victim who was seen beaten with a metal pipe, suffered a concussion, and was
scarred; and (2) a metal pipe in the hands of a person, who admitted to another that he used the
pipe, who almost struck his fellow aggressor in the head with it, who was seen beating on the
victim with at least his hands and feet, who carried wrenches that night, and who threatened
another with a wrench after the fight. In the light most favorable to the verdict, this evidence
is sufficient for a factfinder to conclude that the metal pipe, in the manner of its use or
intended use, was capable of causing death or serious bodily injury. See McCain v. State, 22
S.W.3d 497, 503 (Tex. Crim. App. 2000).
      Because the majority finds the evidence legally insufficient to prove the deadly weapon
and reverses the trial court’s judgment, I respectfully dissent.


                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed June 16, 2004